## CRAWFORD v McDOWELL

Ohio Appeals, 9th Dist, Summit Co
No 1792. Decided Nov 25, 1930

Naef & McIntosh, Akron, for Crawford.

Rockwell, Grant, Thomas & Buckingham; and Commins, Brouse, Englebeck & McDowell, all of Akron, for McDowell.

PARDEE, J.

The evidence in this case shows that defendant entered into a written contract with said company on Sept. 19, 1919, whereby he was employed by said company for a period of one year to dispose of its common capital stock, and was to be paid therefor a commission of 15% of the sale price, the stock to be sold at $100 a share. The contract further provided that not less than 20% of the subscription should be paid at the time of the subscription, and the balance at the rate of 10% each month thereafter.

The defendant entered upon the sale of said stock, sold over $400,000 worth between Sept. 19, 1919, and May 11, 1920, when, by mutual agreement, the contract was terminated, and received, between Sept. 19, 1919, and March 31, 1922, $63,700 in commissions. At or about the time he made said contract he became a director of said Company and continued as such up to the time of the appointment of said receiver.

The trial court found from the evidence that the amount paid by defendant upon said subscription was $4,500, instead of $5,000 as claimed by the defendant, and we are of the opinion that the trial court in so finding was right, or in any event we cannot say that such finding is manifestly against the weight of the evidence.

As heretofore stated, the trial court did not make a finding upon the evidence offered as to whether or not the defendant was entitled to a commission of $1,500 and interest on the stock purchased by him and as claimed in his answer.

The evidence is clear that defendant subscribed for 100 shares of stock, and as we have heretofore stated, there is a balance due thereon of $$5,500 and interest, unless the defendant is entitled to said credit of $1,500 and interest and other credits claimed by him, as set up in his cross-petition.

Under the terms of said contract of employment, the defendant was entitled to his commission on each share of stock sold when 20% or more of the sale price was paid, and there were no exceptions in said contract which would bar him from said commission depending upon who the purchaser might be. At the time of the subscription he paid 20% of the subscription price, and if he had sold this stock to another, he would have been entitled to his commission without question or objection. There being no exceptions in said contract which prevent him from receiving said commission, and there being no evidence in the record which shows that the defendant waived his commission or which bars him from it, we are of the opinion that he is entitled to receive it, the same as if he had sold the stock to another. At the same moment of time that his subscription was made and he became obligated thereon, there arose immediately out of said transaction an obligation of said company in his favor to pay him $1,500, his obligation upon said stock subscription becoming decreased by that amount, leaving due the company from him the sum of $6,500 at the date of said subscription, and no more.

The evidence offered to sustain defendant's second cause of action of his cross-petition, shows that the amount of $60.52 is due him; so there was no reason why the trial court should not have so found and entered judgment for that amount in his favor.

The evidence offered to sustain defendant's third cause of action of his cross-petition, shows that he was one of several indorsers upon the notes of said company at a local bank and that as such indorser he was required to pay the amounts as

claimed by him, the original note having been given long before the appointment of the receiver. There being no question about these facts, the trial court should have found that the defendant was entitled to these amounts and rendered judgment accordingly.

But the defendant claims also that he is entitled to have the amounts found due him on his bank payments and dinner bill set off against the balance due upon his stock subscription.

But with this claim we cannot agree, as it has been frequently held by the Supreme Court of this state that both before and after the insolvency of a corporation, its directors are trustees for its assets and that these assets constitute a trust fund in the hands of said directors for the benefit of its creditors and stockholders.

The record in this case shows that the defendant became a director immediately after the organization of said company and continued as such up to and until the appointment of said receiver; that he was the selling agent of the capital stock of said company; that he sold more than $400,000 worth thereof, and received in commissions $63,700 in cash; that during the time he was a director and trustee he did not make the partial payments as he had agreed upon his contract of subscription, which was accepted by said company and ratified by the receiver, although different from that provided by his sales contract, and that, after giving credit thereon of said commission, the last payment became due on March 8, 1921; that during this time he received $63,000 in cash from said company for his services in making sales of its stock, and yet he did not keep up his partial payments as they became due or pay the balance when due; and that he permitted his stock subscription to be pledged to a bank after it was past due.

It was the duty of said defendant, as an officer and trustee of said company, to see to it that the partial payments on his stock subscription were paid when due, and if he had done his duty as such trustee, his debt to said company would have been paid long before the company owed him the claims set up in his second and third causes of action of his cross-petition. To permit him now to set off against the balance due upon his subscription the amounts heretofore found due him, would be unjust and inequitable as to the other creditors of said corporation, and would allow him, as such trustee, to take advantage of the violation of his duty to the cestui que trustent, and permit him to have a preference in the distribution of the assets of said insolvent company, to the injury of its other creditors whose rights it was his duty to protect. We are therefore of the opinion that the amounts heretofore found due him, as claimed in his second and third causes of action, are not proper set-offs, under the evidence in this case, against the balance due on said stock subscription.

The trial court did not make a finding upon the first cause of action of defendant's cross-petition, and we do not feel that the record is such as would justify us in so doing.

The judgment of the trial court as to the amount found due the plaintiff upon the stock subscription is modified, and the commission due the defendant, as heretofore pointed out, is allowed as a credit thereon, and as so modified the judgment of the trial court is affirmed. The judgment of the trial court in dismissing the cross-petition is reversed and the cause remanded to the trial court, with directions to allow the amounts claimed by the defendant, as set forth in his second and third causes of action of his cross-petition, but not by way of set-off against the amount found due the plaintiff; and the trial court is directed to determine the questions raised by the first cause of action of defendant's cross-petition.

FUNK, PJ, and WASHBURN, J, concur.